UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                   :

STATE OF OHIO,                        :          CASE NO. 4:19CR00097

      Plaintiff,                       :

vs.                                          :          ORDER OF REMAND
                                                  :          [Resolving Doc. 1]

DELSHAWN BURGESS,         :

      Defendant.                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This matter is before the Court on Delshawn Burgess' pro se Notice of Removal of a state criminal case to this Court.[1] For the reasons that follow, this case is remanded to the Trumbull County Court of Common Pleas.

## I. Background

According to the Notice, on November 21, 2018, Burgess was arraigned in the Trumbull County Court of Common Pleas on charges of aggravated drug trafficking. On December 20, 2018, the case was dismissed without prejudice.[2]

On February 12, 2019, a nine-count indictment was filed against Burgess – Trumbull County Court of Common Pleas Case No. 2018CRA2871 ("Criminal Case"). Burgess claims that the charges in the Criminal Case are the same aggravated drug trafficking charges that were previously dismissed without prejudice.[3] Allegedly, the charges in the Criminal Case stem from a Fourth Amendment violation, and the state court judge dismissed the first criminal case in

---

[1] Doc. 1.
[2] *Id*. at 3.
[3] *Id*.

Case No. 4:19CR00097
Gwin, J.

order to help the prosecution by not providing a speedy trial, in violation of constitutional due process provisions.[4] Burgess contends that the state court "improperly dismissed a criminal complaint against me to gain a tactical advantage and evade the requirements of the Speedy Trial Act and that the States['] actions amount to undue and unfair delay."[5]

## II. Discussion

A pro se pleading must be liberally construed.[6] Such liberal construction applies to notices of removal.[7]

A criminal defendant who desires to remove a criminal prosecution from state court must file a notice of removal containing a short and plain statement of the grounds for removal and comply with certain procedural requirements.[8] Another federal statute governs the limited substantive grounds upon which a criminal action may properly be removed:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.[9]

---

[4] *Id.* at 4.
[5] *Id.* at 2.
[6] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).
[7] See *Ditech Fin., LLC v. Dyer*, No. 3:18-CV-00789-GNS, 2019 WL 438382, at *1 n.1 (W.D. Ky. Feb. 4, 2019).
[8] 28 U.S.C. § 1455.
[9] *See also City of Greenwood v. Peacock*, 384 U.S. 808 (1966).

Case No. 4:19CR00097
Gwin, J.

In order for a removed state criminal case to come within the provisions of subsection (1), "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"[10] "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1)."[11] Here, Burges does not allege the denial of any civil rights on racial grounds or under a federal equal rights law. Nor does Burgess allege that protection of any such rights could not be effected in pending state proceedings.[12] Burgess' claim that the Criminal Case in the Trumbull County Court of Common Pleas is based upon a Fourth Amendment violation and violates the due process clause of the Fourteenth Amendment does not satisfy the requirements of § 1443(1).

Nor is subsection (2) conceivably applicable to Burgess' removal. The first clause of subsection (2) – "'for any act under color of authority derived from any law providing for equal rights...' has been examined by the Supreme Court and held available only to federal officers and to persons assisting such officers in the performance of their official duties."[13] As to the second clause, that provision "was designed to protect state officers from being penalized for failing to

---

[10] *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).
[11] *Id*.
[12] *See Conrad v. Robinson*, 871 F.2d 612, 615 (6th Cir. 1989) (citing *Johnson*, 421 U.S. at 219-220 and *City of Greenwood*, 384 U.S. at 828).
[13] *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979) (citing *City of Greenwood*, 384 U.S. at 815).

Case No. 4:19CR00097
Gwin, J.

enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues."[14]

Even assuming for the purpose of this analysis that Burgess satisfied the procedural requirements of 28 U.S.C. § 1455, and construing Burgess' Notice liberally, the Notice does not contain allegations setting forth valid substantive grounds under 28 U.S.C. §1443 for removal of the Criminal Case to federal court.

### III. Conclusion

Accordingly, for the foregoing reasons, this matter is remanded to the Trumbull County Court of Common Pleas.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: March 5, 2019          *s/ James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE

---

[14] *Id*.